IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CASSANDRA L. HUYE,<br><br>Plaintiff,<br><br>vs.<br><br>PROJECT HARMONY (HAVEN FOR ABUSE RESPONSE MEMBERS SERVING OUR NEBRASKA YOUTH),<br><br>Defendant. | ) | Case No. 8:26-cv-724<br><br>**NOTICE OF REMOVAL** |

Defendant Project Harmony (Haven for Abuse Response Members Serving our Nebraska Youth) (hereafter "Project Harmony" or "Defendant") files this Notice of Removal, thereby removing this case from the District Court of Douglas County, Nebraska, to the United States District Court for the District of Nebraska. Removal is based upon federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331 and 1441, and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. In support of this Notice of Removal, Defendants show the following:

**PROCEDURAL AND FACTUAL BACKGROUND**

This action was originally filed by Plaintiff Cassandra L. Huye ("Plaintiff") on June 9, 2026, in the District Court of Douglas County, Nebraska, assigned Case No. CI 26-4857 on the docket of that court. Project Harmony was served with the Complaint and Jury Demand on October 19, 2026.

A copy of the Complaint, Summons, and pleadings served by Plaintiff upon Defendant and filed in the state court action are attached hereto as Exhibit A.

In her Complaint, Plaintiff alleges four causes of action against Project Harmony: (1) disability discrimination under the Nebraska Fair Employment Practices Act ("NFEPA"), pursuant to Neb. Rev. Stat. § 48-1104; (2) disability discrimination under the Americans with Disabilities Act ("ADA"), pursuant to 42 U.S.C. § 12101 *et seq.*; (3) retaliation under the ADA, pursuant to 42 U.S.C. § 12203; and (4) retaliation under the NFEPA, pursuant to Neb. Rev. Stat. § 1114.

Defendant has not yet filed an answer or otherwise responded to Plaintiff's Complaint. Plaintiff has demanded a trial by jury. Defendant respectfully requests the jury trial be held in Omaha, Nebraska.

## <u>GROUNDS FOR REMOVAL</u>

### A. Federal Question and Supplemental Jurisdiction.

This action is removable under 28 U.S.C. §§ 1331 and 1441. Pursuant to § 1331, federal district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Plaintiff seeks damages arising out of alleged violations of federal law under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*. These claims may be removed as a matter of law because they involve a federal statute providing original jurisdiction to the federal district courts.

The Court also has supplemental jurisdiction over Plaintiff's remaining claims pursuant to 28 U.S.C. § 1367. Under § 1367, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. Plaintiff alleges two additional claims that are so related to the Federal Question Claims that they form part of the same case or controversy under Article III of the U.S. Constitution.

### B. Timeliness of Removal.

This Notice of Removal is timely. A notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1). This Removal was filed within thirty (30) days of service on Defendant and is therefore timely under 28 U.S.C. § 1446(b).

**C. State Court Documents Attached.**

In accordance with 28 U.S.C. §§ 1446(a), 1447(b), and 1449, a copy of all pleadings, process, and orders including other papers filed in the state court action and received by Defendant are collectively attached hereto as Exhibit A.

**D. Notice to State Court and Plaintiff.**

Upon filing this Notice of Removal, Defendant shall file a Notice of Filing of Notice of Removal, with a copy of this Notice of Removal, with the District Court of Douglas County, Nebraska, and will also provide written notice to the Plaintiff of the filing of this Notice of Removal, pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

Based on the foregoing, this Court has original jurisdiction over this action based on Plaintiff's claim arising under federal law, 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's state law claims, 28 U.S.C. § 1367. Therefore, the Court may properly exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

WHEREFORE, Defendant prays that the United States District Court for the District of Nebraska accepts this Notice of Removal, assumes jurisdiction of this cause, and issues such

further orders and processes as may be necessary to bring before it all parties necessary for the trial hereof.

DATED THIS 18th day of November 2026.

PROJECT HARMONY (HAVEN FOR ABUSE RESPONSE MEMBERS SERVING OUR NEBRASKA YOUTH), Defendant

By: *<u>/s/Aaron A. Clark</u>*
Aaron A. Clark (#20045)
Cody E. Brookhouser-Sisney (#25872)
Kristin Probst Nalbach (#27125)
McGrath, North, Mullin & Kratz, PC LLO
3700 First National Tower
1601 Dodge Street
Omaha, NE 68102
(402) 341-3070
aclark@mcgrathnorth.com
cbookhousersisney@mcgrathnorth.com
knalbach@mcgrathnorth.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th day of November 2026, the above and foregoing **Notice of Removal** was filed electronically with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

Jennifer Turco Meyer #23760
Turco Meyer Law, LLC
4309 S. 174th Avenue
Omaha, NE 68135
jennifer@turcomeyer.law

*/s/ Aaron A. Clark*
Aaron A. Clark